■ In the Matter of the Claim of PAUL HORNSTEIN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.—

Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur. Greenblott, J., dissents and votes to affirm in the following memorandum: The decision of the Unemployment Insurance Appeal Board should be affirmed. The board's finding that appellant voluntarily left his employment without good cause is supported by substantial evidence in the record. We have held that a disqualification under subdivision 1 of section 593 of the Labor Law applies where the unemployment results from the sale of a business by the claimant when the sale was not based on any compelling reason and whether there was a compelling reason for such a sale is a question of fact for the board to determine. (*Matter of Dunn* [*Catherwood*], 33 A D 2d 585; *Matter of Parnes* [*Catherwood*], 27 A D 2d 630.) The record discloses that in 1968 and 1969, the business operated at a profit. Although appellant did not take a salary for three or four weeks in prior years, he did draw a salary each week in the last two years. Furthermore, the business was sold for $45,000 and appellant did not suffer a capital loss in the sale. His claim seems based principally on his concern that he might suffer a future loss. In *Matter of Sellers* [*J. W. Mays, Inc.*] (13 A D 2d 204), we said at page 205: " The primary purpose of the law is to ease the hardship of involuntary unemployment due to economic conditions or other conditions beyond the control of the employee." Thus, appellant, who has clearly not demonstrated a compelling reason for the sale of his business, should not be entitled to unemployment insurance benefits. I, therefore, dissent.