■ In the Matter of the Claim of LEONARD TUCKER, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 5, 1984, which ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause.

Claimant seeks unemployment benefits contending that the dry cleaning establishment he was half owner of, together with his brother, had to be sold because it was losing money. In

seeking benefits, claimant had originally stated that the business was not losing money and that he needed a change. He amended his statement to indicate that his accountant and his profit and loss statement indicated that he was losing money, and that his departure was, therefore, based on financial reasons.

Both owners testified at the hearing before an administrative law judge. They stated that the business paid them $300 a week as salary and, though the business paid its bills, this was accomplished through their personal labors of 50 to 60 hours a week. They were able to take only two weeks of vacation in five years. In addition, their machinery was 23 years old, was fully depreciated and would have had to have been replaced at a cost of $40,000 to continue the business. Though the business volume was up slightly, the business was making no profit.

The owners further testified that they had attempted to sell the business for five years and had received no offers. Finally, they purchased the building and land where their business was located, together with some surrounding land, for $225,000. They paid $50,000 down and were carrying a mortgage obligation of $175,000. They were finally successful in selling the business for $52,000 and the building and land for $150,000. Claimant indicated that his reason for selling was financial.

The Unemployment Insurance Appeal Board sustained the administrative law judge's finding and held that claimant was disqualified from receiving benefits effective July 6, 1983 because he left his employment voluntarily without good cause. We disagree. The Board's holding is not supported by substantial evidence. The Board sustained its denial of the claim on the ground that claimant's gross business remained the same for the last several years. It is obvious human experience that gross business does not reflect the viability of a business. It is net profit or loss which tells the correct story. Here we have the uncontradicted testimony of two owners that the business was kept afloat by their personal contribution of time (50 to 60 hours a week), taking no increase in pay for several years, no regular vacations and no profit from their business. Their testimony was supported by their business records. To this scenario was added the necessity of buying new machinery at a cost of about $40,000. The Board's finding that this was not significant is belied by the record. We note that the new owner had to pay $35,000 for new machinery alone. Taking all of the circumstances as a whole, we conclude that claimant's decision to sell the business was based on economic necessity. Claimant is therefore entitled to unemployment benefits.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.