■ In the Matter of the Claim of SEYMOUR KATZ, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 1985, which ruled

that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause.

Claimant was the president and co-owner of a retail sporting goods store which had operated for about 21 years until it ceased operations in late 1983. Claimant was initially ruled to be disqualified from receiving benefits for several reasons, one of which was that he closed his business without a compelling reason. After a hearing, an Administrative Law Judge reversed the initial determination. Upon appeal by the Commissioner of Labor, the Unemployment Insurance Appeal Board ordered a hearing to further develop the record. Subsequently, the Board reversed and upheld the initial determination that claimant was disqualified from receiving benefits. This appeal by claimant ensued.

The Board's decision that claimant was disqualified from receiving benefits because he closed his business without a compelling reason is not supported by substantial evidence in the record and, accordingly, it must be reversed. Where a claimant closes a business which he had been operating, the issue of disqualification turns on whether he had a compelling reason to close the business (see, Matter of Kupferman [Levine], 53 AD2d 732). This court has found no compelling reason in cases where, while a claimant may have been dissatisfied with the business, it was still earning a profit (see, id.; Matter of Lazarus [Levine], 50 AD2d 960; Matter of Dunn [Catherwood], 33 AD2d 585; Matter of Parnes [Catherwood], 27 AD2d 630). However, where a business has been losing money, compelling necessity for ceasing operations has been found (see, Matter of Tucker [Roberts], 108 AD2d 1027; Matter of Hornstein [Catherwood], 35 AD2d 872).

Here, the Federal tax returns for the business and claimant's personal Federal income tax returns showed that the business lost over $5,000 in 1980, almost $2,000 in 1981 and over $7,000 in 1982. Claimant's accountant submitted a letter stating that, while he had not yet completed the forms for 1983, he was certain that a loss occurred in that year as well. The Commissioner did not offer any evidence to dispute these figures. The Board found that claimant was able to meet his obligations and was in no danger of bankruptcy. However, the evidence indicates that claimant borrowed money from relatives to attempt to continue the business and that he paid some of the bills incurred by the business out of his personal funds to avoid the stigma of bankruptcy. We note that it has never been held that a claimant's business must actually go bankrupt before compelling necessity to cease operations may

be found. Finally, the fact that the lease for the store had two more years to run has no bearing on claimant's contention that he was forced to shut down his business out of economic necessity.

Since there is no substantial evidence in the record to support the finding of the Board that claimant voluntarily left his employment without good cause, it must be reversed.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.