■ In the Matter of the Claim of ROBERT S. GABLE, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 1986, which ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause.

Claimant was vice-president and co-owner of ABC Body Company (hereinafter the Company). The Company specialized in servicing heavy-duty trucks. In November 1983, after 37 years of operation, the Company closed because of declining business. Claimant applied for unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeals Board determined that he had voluntarily left his employment without good cause and thus was disqualified from receiving benefits. This appeal followed.

When an operating business is closed by a claimant, the issue of disqualification turns on whether the claimant had a compelling reason to close the business (Matter of Katz [Roberts], 123 AD2d 489, 490). A business does not have to reach the point of bankruptcy in order to satisfy the compelling necessity test (see, id., at 490-491). A declining business which is losing money and closes out of economic necessity is sufficient (Matter of Tucker [Roberts], 108 AD2d 1027, 1028).

Here, the Company showed declining profits over the last few years of its existence and a substantial loss in its last year. Prior to this decline, approximately 40% of the Company's business was done with Allied Maintenance Corporation (hereinafter Allied). The Company serviced a fleet of trucks used by Allied to fuel airplanes at John F. Kennedy Airport. In addition to being the Company's primary account, Allied paid its bills within 10 to 15 days, thus providing the Company with an excellent cash flow. However, the company lost its Allied account in late 1980 or early 1981 due to reorganization at the airport. Claimant testified that at approximately the same time the Company lost the Allied account it also lost Drake Bakeries, a company which operated approximately 600 to 700 trucks.

Attempts to replace the business were ineffective. Although gross receipts remained somewhat constant, the evidence reflects that new accounts which were acquired were not as profitable as prior accounts. The Company was not always able to charge the same hourly rate it had previously demanded. This, together with the fact that longer hours were needed to complete the work and that employees' salaries were rising to keep pace with the industry standard, drastically cut profitability. Some business was picked up by the Company's servicing of ambulances for the City of New York. However, the city took 180 days to pay its bills, aggravating the Company's cash flow problems. Eventually, even this business was reduced when the city purchased new ambulances.

The record reflects that the shareholders began to advance money to the Company in order to keep it operating. Attempts to sell the Company failed to produce a suitable purchaser. Unable to pay its rent or its workers' compensation insurance, the decision was made to close the Company. Liquidation of its assets produced $24,000, which was used to pay off some of the existing liabilities of the Company. Claimant did not gain any profit from the sale of the Company. Considering all of the circumstances as a whole, it is evident that a compelling reason to close the business was established and that the award of benefits to claimant is consistent with the policies underlying the Unemployment Insurance Law (Labor Law art 18).

Decision reversed, without costs, claim granted and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.