■ In the Matter of the Claim of MELVIN SONNERS, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 1986, which ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause.

Claimant was an officer and owner of the Express Forwarding and Storage Company (hereinafter the Company) for over 30 years when, in March 1985, he decided to sell his interest in the Company. He sold his interest to the other corporate officers for $100,000. For three months following the sale claimant remained employed by the Company at a salary of $40,000 per year. His position was then terminated and he sought unemployment insurance benefits. The Unemployment Insurance Appeal Board determined that claimant voluntarily left his employment without good cause. Claimant appeals.

A claimant whose loss of employment is occasioned by his or her sale of stock must demonstrate a compelling reason for the sale in order to qualify for unemployment insurance benefits *(Matter of Amato [Catherwood],* 26 AD2d 599; *see, Matter of Gable [Roberts],* 133 AD2d 484 [decided herewith]). Although claimant believed the Company was declining, there is no evidence that it was facing severe economic hardship. Further, claimant made a substantial profit in the sale of his interest.

Claimant contends that the sale of his stock was not the cause of his employment being terminated. In support of this contention he points to the fact that he remained employed by the Company for three months following the sale. However, the record reflects that the purchasers intended to eliminate the substantial salaries paid to claimant and another individual who sold his interest in the Company. Indeed, claimant's

own testimony reflects his knowledge, at the time of the sale, that his job would probably be eliminated. Hence, we conclude that substantial evidence supports the Board's determination that claimant voluntarily left his employment without good cause.

Decision affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.