■ In the Matter of the Claim of ANTHONY SPINELLA, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 6, 1989, which ruled that claimant was ineligible to receive unemployment insurance benefits because he voluntarily left his employment without good cause.

For 24 years, claimant and his wife owned and operated a furniture upholstery business of which claimant was president. In 1987 and 1988, a substantial turnover in employees occurred which left claimant without a full-time upholsterer. Although claimant attempted to locate replacements through use of advertisement and the State Employment Service, his efforts were for the most part unsuccessful. Accordingly, claimant closed the business on October 28, 1988 because of the lack of skilled help available to continue a business which was becoming unprofitable. Initially, the local office determined, among other things, that claimant was disqualified from unemployment insurance benefits because he voluntarily left his employment without good cause. An Administrative Law Judge overruled this determination and the Commissioner of Labor appealed the issue of whether claimant voluntarily left his employment without good cause to the Unemployment Insurance Appeal Board. The Board overruled the Administrative Law Judge's decision to that extent and this appeal by claimant followed.

In our view, the Board's decision that claimant was disqualified from receiving benefits because he shut down his business without a compelling reason is not supported by substantial evidence in the record and, therefore, it must be reversed. It is

well established that when an operating business is closed by a claimant, the issue of disqualification turns upon whether the claimant had a compelling reason to close down the business *(Matter of Gable [Roberts],* 133 AD2d 484; *Matter of Katz [Roberts],* 123 AD2d 489, 490). Significantly, a business does not have to reach the point of bankruptcy in order to satisfy the compelling necessity test; evidence that the business is declining is sufficient *(Matter of Gable [Roberts], supra).*

Here, claimant's uncontradicted testimony at the hearing was that, although the business did make a profit the last year it was open, it operated at a loss the three years before. Claimant stated that the business only made a profit that last year because, after he had decided that the business could not continue, he stopped buying new inventory and finished all outstanding orders with stock he had on hand. Claimant stated he had to loan some of his own money to the corporation. Claimant testified at length as to his difficulties in obtaining skilled workers due to lack of schools in the area teaching the trade *(see, Matter of Hornstein [Catherwood],* 35 AD2d 872). The one employee he managed to find in 1987 through his efforts could not perform the work satisfactorily and had to be let go. With a reduced staff, one of whom was only an apprentice, orders were taking longer to fill and claimant foresaw the problem worsening. These difficulties forced claimant to perform more hands-on work himself in the shop rather than meeting personally with customers. Claimant stated he could not hire someone else to meet with customers since he had longstanding business relationships with all of them and they preferred dealing with him personally.

Since we believe this evidence sufficiently demonstrates a compelling reason for shutting down his business, reversal is required *(see, Matter of Katz [Roberts], supra; Matter of Hornstein [Catherwood], supra).*

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.