■ In the Matter of the Claim of MATILDA L. CRAWFORD, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 17, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant and her husband were the sole shareholders of a corporation called E & F Fuel Oil Service, Inc., a business that sold fuel oil and repaired and serviced oil burners. The couple purchased the business in 1969 for $45,000. Claimant's husband, the company's president, performed all the repair and maintenance portion of the business while the couple's son drove the truck to make oil deliveries. While claimant was the corporate secretary, she stated that she had only limited office skills; she therefore only did manual billing and answered the

telephone for the business. Whenever an order would come in, she would have to find her husband to take care of it. At some point, claimant's husband began suffering from arthritis and eventually became disabled. As a result, he could no longer perform his work for the business. The couple's son was not a mechanic and had no interest in taking over the business.

Claimant then sought to find a mechanic to perform her husband's work by contacting business associates. Claimant stated that her attempts to do so were unsuccessful largely because the rates her husband had been charging fell far short of the union wages prospective workers expected. Because of these problems and the bleak prospect of future profitability, claimant and her husband ultimately sold the business for almost $200,000. Claimant testified, however, that this amount would be substantially reduced due to the many outstanding debts owed by the business (many of which were undertaken to keep the business going) and capital gains taxes. Claimant subsequently applied for unemployment insurance benefits and this request was denied by the local office. After a hearing at which claimant was the only witness, the Administrative Law Judge overturned the local office's determination and awarded claimant benefits. The Unemployment Insurance Appeal Board, in turn, reversed this decision, finding principally that the business was not sold for compelling reasons and claimant's efforts to find a replacement mechanic "were so limited as to be token and ineffective". Claimant appeals and we now reverse the Board.

In our view, the Board's decision that claimant was disqualified from receiving benefits because her business was closed for noncompelling reasons is not supported by substantial evidence in the record. "It is well established that when an operating business is closed by a claimant, the issue of disqualification turns upon whether the claimant had a compelling reason to close down the business" *(Matter of Spinella [Hartnett],* 168 AD2d 816, 816-817; *see, Matter of Gable [Roberts],* 133 AD2d 484; *Matter of Katz [Roberts],* 123 AD2d 489, 490). As we have noted in the past, it is not necessary that a business reach the point of bankruptcy to satisfy the compelling necessity test; proof that the business is declining is sufficient *(Matter of Spinella [Hartnett], supra).*

Here, claimant's uncontradicted hearing testimony painted a classic picture of a business in decline. From claimant's description of the operation of the business and her own limited knowledge as to its workings, it is apparent that her now-disabled husband was more to this family-run business

than simply the mechanic. Therefore, the loss of his input was crucial. Nevertheless, claimant did attempt to find a replacement mechanic although the Board decried these efforts as "limited". The Board, however, cites no requirement that the use of classified advertising and employment agencies is mandatory. Claimant asserts that because she and her husband were on friendly terms with the other reputable firms in the same business, word-of-mouth requests and the placement of notices on the bulletin boards of these companies was the best way to find a trustworthy employee. At the hearing, claimant explained that their business involved the exchange of large amounts of cash so that it was imperative to find someone reliable they could trust. In any event, it is apparent from claimant's testimony that hiring someone to replace her husband would reduce income to the point where the business had negligible profit. The Board found that claimant and her husband were compensated $37,000 in 1989 when both worked long hours to keep the business going. Claimant testified that union wages for a required mechanic would have been $700 a week plus other benefits. While the company's tax returns still showed the business made some profit, these dwindling amounts were insufficient, according to claimant, to make continuance of the business worthwhile. Also, these amounts apparently did not reflect the fact that claimant and her husband were putting their own money back into the business.

These and other facts sufficiently demonstrate a compelling reason for shutting down claimant's business and we find the Board's overreliance on claimant's advertisement methods as justification for denial of benefits to be unwarranted.

Mercure, J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision.