■ In the Matter of the Claim of SAMUEL CONFINO, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 3, 1991, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

The decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause is not supported by substantial evidence in the record. Claimant and his son were 50% shareholders of Rainbow Fashions Inc., the sole business of which was the design, distribution and sale of an extensive line of women's clothing that was manufactured by Carol Lynn Fashions and for which it received a 10% commission. Late in 1989, Carol

Lynn informed Rainbow that their 30-year association would be ending effective December 31, 1989. Because selling the remaining inventory was the only business left for Rainbow as of January 1990, claimant did not renew the lease for Rainbow's showroom when it expired in January 1990. Claimant and his son were given free space in a showroom maintained by a former tenant. Claimant testified that the only money coming in to Rainbow was due to the efforts of his son in selling the inventory and, therefore, in February 1990 claimant transferred his stock to his son without receiving any compensation. Claimant ultimately ended his relationship with Rainbow on August 31, 1990.

Carol Lynn's decision to end its exclusive relationship with Rainbow appears to have been unexpected, thereby putting immediate financial pressures upon Rainbow and requiring Rainbow to replace Carol Lynn. Due to the economic conditions and the time constraints, it was virtually impossible to set up the same type of operation without causing a large financial strain on Rainbow. Even if Rainbow could eventually find another manufacturer, Rainbow could not do so without a showroom, something that it could not afford to maintain. Certain avenues explored by claimant were either unsuccessful or not feasible. It was therefore only prudent for claimant to explore the possibility of employment, which also proved unsuccessful. Finally, although Rainbow showed a business profit in 1989, it must be noted that as of January 1, 1990 Rainbow was without its sole source of income. In any event, the record indicates that Rainbow's monthly gross commissions in 1990 did decline. Under these circumstances, we conclude that claimant did have a compelling reason to leave his employment and, therefore, he is entitled to unemployment insurance benefits (see, Matter of Crawford [Hudacs], 182 AD2d 1047; Matter of Spinella [Hartnett], 168 AD2d 816; Matter of Gable [Roberts], 133 AD2d 484).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.