■ In the Matter of the Claim of SIDNEY JOSEPH, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [660 NYS2d 84] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a pharmacist, was the president and a 50% shareholder of a corporation which operated a pharmacy. He operated the business with a partner who was also a pharmacist. Claimant sold the business in November 1995 after his partner became ill and was unable to continue working. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Claimant appeals.

Based upon our review of the record, we find that substantial evidence supports the Board's decision. Claimant testified that during the years 1992 through 1995 he drew a salary of $750 per week and the corporation earned a small profit. Claimant stated that, while financially able to do so, he did not exercise the option to buy his partner's share because he anticipated that the business would decline further in the ensuing years. In addition, while claimant maintained that he could not afford to hire another pharmacist to replace his partner, his efforts in this regard were weak. From claimant's testimony, it is clear that he sold the business because he did not believe that it would be as profitable as it had been before his partner became sick. Inasmuch as there is little in the record to substantiate claimant's speculative claim of business failure, we conclude that he did not have a compelling reason to leave his employment (*see, Matter of Sonin [Sweeney]*, 226 AD2d 790; *Matter of Ballard*, 176 AD2d 428; *cf., Matter of Confino [Hudacs]*, 189 AD2d 962, 963; *Matter of Crawford [Hudacs]*, 182 AD2d 1047, 1048-1049; *Matter of Spinella [Hartnett]*, 168 AD2d 816, 817). Accordingly, the Board's decision is affirmed.

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.