■ In the Matter of the Claim of JOHN PITIC, Appellant. COMMISSIONER OF LABOR, Respondent. (Claim No. 1.) In the Matter of the Claim of JANE L. KERMAN, Appellant. COMMISSIONER OF LABOR, Respondent. (Claim No. 2.) [670 NYS2d 992] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 17, 1996 and January 27, 1997, which, *inter alia*, ruled that claimants were disqualified from receiving unemployment insurance benefits because they voluntarily left their employment without good cause.

Claimants, John Pitic and Jane L. Kerman, husband and wife, were officers and sole shareholders of a corporation that operated a junkyard. The corporation's primary business was the dismantling of automobiles, bought at auction, and the resale of their used parts. The corporation also sold used cars and did some body work and repair. Due to declining profitability, claimants closed the business in October 1995. In our view, the decision of the Unemployment Insurance Appeal Board finding that claimants were disqualified from receiving unemployment insurance benefits on the ground that they left their employment without good cause is supported by substantial evidence.

When a claimant closes an operating business, the issue of whether he or she is qualified to receive benefits turns upon whether there was a compelling reason to close the business (*see, Matter of Crawford [Hudacs]*, 182 AD2d 1047, 1048). Although its operation expenses, insurance premiums and real estate taxes were increasing, there is no indication that claimants' business was not meeting its financial obligations. In fact, claimants continued to draw an annual salary from the business and awarded themselves a $6,000 salary increase in 1994. Furthermore, the record indicates that claimants recently hired two new employees. Although attempts to sell the business were unsuccessful, the record establishes that the business was still viable. Under the circumstances presented here, we find no reason to disturb the Board's decision (*see, Matter of Tepper [Sweeney]*, 228 AD2d 856; *Matter of Sparber [Sweeney]*, 226 AD2d 858; *Matter of Sonin [Sweeney]*, 226 AD2d 790).

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.