■ In the Matter of DOLORES ROSEN, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 875]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 16, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was the secretary of a closely held corporation which operated a retail sporting goods business. She and her son were each 50% shareholders of the corporation and ran the business themselves. After claimant's son left the business, claimant closed it and dissolved the corporation. Her application for unemployment insurance benefits was initially denied, but was later granted following a hearing before an Administrative Law Judge. The Unemployment Insurance Appeal Board, however, reversed the Administrative Law Judge's decision and denied claimant benefits on the ground that she voluntarily left her employment without good cause. Claimant now appeals.

Initially, we note that "[w]hen a claimant closes an operating business, the issue of whether he or she is qualified to receive

benefits turns upon whether there was a compelling reason to close the business" (*Matter of Pitic [Commissioner of Labor]*, 249 AD2d 671, 671 [1998]). "[I]t is not necessary that a business reach the point of bankruptcy to satisfy the compelling necessity test; proof that the business is declining is significant" (*Matter of Crawford [Hudacs]*, 182 AD2d 1047, 1048 [1992]; *see Matter of Spinella [Hartnett]*, 168 AD2d 816, 817 [1990]). Here, the state S corporation franchise tax returns show that claimant's business suffered operating losses of $8,304 in 2000, $29,735 in 2001, and $32,584 in 2002. Claimant's testimony that she used personal funds to pay corporate expenses and that certain of her suppliers would no longer sell to her because of inadequate orders is unrefuted. Claimant's son left the business in April 2002. Because claimant was then operating the store alone, she raised her salary from $650 to $1,025 per week. Under these circumstances, the Board's finding that claimant voluntarily left her employment without good cause is not supported by substantial evidence. The fact that she increased her compensation does not compel a contrary finding under these circumstances (*cf. Matter of Sonin [Sweeney]*, 226 AD2d 790 [1996]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.