# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 14, 2015                    518505
_____

In the Matter of PERRY P.
    O'CONNELL,
                        Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:   March 25, 2015

Before:   Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        Cynthia Feathers, Pro Bono Appeals Program, Albany (Alan J.
Pierce of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

_____

Garry, J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 28, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because he voluntarily left his employment without good cause.

        In 2012, claimant decided to close a catering business that
he had operated for 34 years as a subchapter S corporation.  His
subsequent application for unemployment insurance benefits was
ultimately denied by the Unemployment Insurance Appeal Board on
the ground that he voluntarily left his employment without good
cause.  Claimant now appeals.

        We affirm.  "When a claimant closes an operating business,
the issue of whether he or she is qualified to receive benefits

turns upon whether there was a compelling reason to close the business" (Matter of Pitic [Commissioner of Labor], 249 AD2d 671, 671 [1998] [citation omitted]; accord Matter of Lowman [Commissioner of Labor], 101 AD3d 1282, 1283 [2012]).  Here, claimant testified that, beginning in 2009, his business began to decline and that, between 2009 and 2012, there was a 50% drop-off of catering contracts.  The corporation's tax returns reflect, however, gross receipts of $297,167 in 2009, with a net income of $2,522, gross receipts of $281,397 in 2010, with a net income of $4,997, and gross receipts of $279,755 in 2011, with a net income of $764.  Claimant's individual tax returns reveal that he was paid a moderate salary in each of these three years.  At the time he closed the business at the end of August 2012, claimant estimated corporate gross receipts of $220,970 for the year to date, with a net income of $26,620, after payment of claimant's salary, in a sum that was lower than the prior years, but was not an extreme departure from his prior earnings.  Although the decline in business had required claimant to reduce personnel, there was no proof that the business was otherwise unable to meet its financial obligations.  Claimant owned the building where he ran the business, and there was no mortgage; the premises were rented to the business for favorable tax treatment.  Although claimant testified that, at the time he closed the business he had no bookings for October 2012 to December 2012, he also testified that his business was seasonal and that this was generally a slow time.  In our view, the record thus establishes that this was a viable business, and the Board's decision is supported by substantial evidence (see Matter of Lowman [Commissioner of Labor], 101 AD3d at 1283; Matter of Pitic [Commissioner of Labor], 249 AD2d at 671; cf. Matter of Rosen [Commissioner of Labor], 9 AD3d 775, 776 [2004]; Matter of Crawford [Hudacs], 182 AD2d 1047, 1048 [1992]).

     Lahtinen, J.P., McCarthy and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court