■ In the Matter of the Claim of HERMAN HIRSCH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board holding that he was ineligible for benefits for various periods on the ground that he was not totally unemployed (Labor Law, § 522) and alternatively was not available for employment (Labor Law, § 591, subd. 2), charging him with an overpayment of $787.50 ruled recoverable (Labor Law, § 594) and holding that he had willfully made false statements to obtain benefits for which no penalties were imposed because the effective time period had expired (Labor Law, § 594). When this case was before us before we held that claimant had made a timely request for a hearing and remanded for further proceedings (24 A D 2d 919). The board upon reaching the merits ruled adversely to claimant and he now brings the instant appeal. Of course, the board's determination of factual issues if supported by substantial evidence cannot be reviewed by this court (Labor Law, § 623). Here while concededly claimant is not the owner of the enterprise or an active corporate officer (cf., Matter of Weiss [Catherwood], 28 A D 2d 577; Matter of Vasquenz [Catherwood], 26 A D 2d 859) and even assuming that he is not the true entrepreneur (cf., Matter of Czagany [Catherwood], 28 A D 2d 1049), the board could, nevertheless, properly find in the exercise of its fact finding jurisdiction that in this family controlled business where claimant's wife decided when he was on the payroll and when he was off and considering the manner in which such control was exercised here that there was not "total unemployment" such as contemplated by the statute (Matter of Newman [Catherwood], 24 A D 2d 1042). This determination is particularly reinforced by the fact that when the business was formed an arrangement was entered with the other family then in the business that each family unit would draw an equal amount of salary from the business and that during the entire period except for four different weeks either claimant or his wife, but never both, appeared on the payroll for the same week. Similarly the question of whether claimant made a willful misrepresentation to obtain benefits is a factual issue, and since we cannot say on the instant

record that the board's resolution of this question is not supported by substantial evidence, the board must be affirmed (*Matter of Tona* [*Catherwood*], 28 A D 2d 779; *Matter of Tiano* [*Catherwood*], 27 A D 2d 879; *Matter of Marder* [*Catherwood*], 16 A D 2d 303). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.