■ In the Matter of the Claim of PETER JACYNICZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1974, which reversed the decision of the referee and affirmed the initial determinations

of the Industrial Commissioner holding claimant ineligible to receive benefits because he was not totally unemployed during numerous periods for which he had received benefits, charging claimant with an overpayment of $4,500, and holding that claimant willfully made false statements to obtain benefits for which a forfeiture of future benefit rights was imposed. Claimant worked as a handyman in a 30-family apartment building owned by a corporation of which his wife owned 80% of the stock and his father-in-law owned 20%. Claimant's wife also owned two adjacent apartment buildings. Claimant's father-in-law was superintendent of all three buildings. The board found that the claimant and his wife, as the majority stockholder of the corporation which employed the claimant, controlled his periods of employment and unemployment in order to render him eligible for benefits. The board found that until August, 1971, when the claimant was laid off from his prior job as a sewing machine operator, he did not accept available work in any of the apartment buildings because he did not wish to jeopardize his unemployment insurance benefits. In concluding that the claimant had not established his periods of total unemployment to make him eligible for benefits, the board specifically rejected his contention that he worked only when there was a full week's work to be done. The board could properly find that in this family controlled business, where claimant's wife decided when he was on the payroll and when he was off, and considering the manner in which such control was exercised, that there was not total unemployment as contemplated by the statute (Matter of Levey [Catherwood], 33 AD2d 1066; Matter of Hirsch [Catherwood], 29 AD2d 702; Matter of Newman [Catherwood], 24 AD2d 1042). There is substantial evidence to support the board's finding that claimant willfully made false statements each time he certified as to total unemployment for the many weeks in question. He also replied in the negative to questions about his relationship to any persons for whom he had been employed or performed services during the previous year. Issues of willful misrepresentation are questions of fact, the resolution of which rests within the sole province of the board. In this case, there is substantial evidence to support the determination and thus the decision of the board may not be disturbed (Matter of Kansky [Catherwood], 27 AD2d 887). The remaining contention by the claimant in regard to the number of the members on the board who heard and determined his case is without merit (Labor Law, § 534). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.