■ In the Matter of the Claim of ANGELO J. RUPERTO, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 1982, which sustained revised initial determinations of the Commissioner of Labor holding that (1) claimant's employment was not bona fide so as to terminate an outstanding disqualification, and (2) claimant's application contained a willful false statement so that overpayments of $1,373.50 were recoverable and a penalty of forfeiture of 80 effective days of future benefits rights was imposed. Claimant worked for a supermarket for approximately two years when, on March 6, 1980, he lost his employment through misconduct; he was, therefore, disqualified from receiving unemployment insurance benefits. On April 3, 1980, claimant filed a new claim for benefits, asserting that he worked from March 22, 1980 through April 2, 1980 at Saf-Way Auto Sales, a used car sale and repair business owned by his stepgrandfather. He testified that he worked as a clean-up man for about two weeks for which he received $240 in cash as payment. The Appeal Board, reversing the administrative law judge, found that claimant's alleged employment had been fabricated, his prior disqualification was unbroken, and that the certification in his application for benefits that he had been employed at Saf-Way Auto Sales was false in fact. Whether a claimant's employment was a sham is a question of fact for the board, and its decision, if supported by substantial evidence, is to be affirmed (*Matter of Mitagstein [Catherwood]*, 32 AD2d 584; *Matter of Blumbaum [Catherwood]*, 27 AD2d 630). Both claimant and his stepgrandfather admitted that claimant, a pharmacy student, was hired solely because he needed additional work to break his disqualification and requalify for benefits. Moreover, he was the only employee the stepgrandfather had employed since 1974. This fact indicates there was no real need for claimant's services, a conclusion buttressed by the employer's admission that he did no business during March. Finally, claimant's status as a full-time student, commuting 35 miles each way, makes his claim of bona fide employment that much more unlikely. As the board's assessment that the testimony of claimant and his stepgrandfather was neither reliable nor credible was supported by substantial evidence, it is, therefore, conclusive (*Matter of Di Maria v Ross*, 52 NY2d 771). Decision affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.