■ In the Matter of the Claim of SALVATORE T. TURCO, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 1988.

Claimant sold his dry-cleaning business in December 1983 and applied for Social Security retirement benefits during 1984. Commencing in 1984 and through 1987, claimant worked from late January or early February through the end of June for Turco Tax Services, Inc., a tax return preparation business started by his wife in 1975 and incorporated in 1984. Claimant performed office support work such as answering telephone calls, making appointments for customers, photocopying tax returns and doing filing work. He did not prepare tax returns. Claimant generally was paid $300 weekly while

his wife, the sole shareholder and officer of the corporation who performed most of the tax preparation services, drew only $134 weekly in 1984 and 1986. She was not on the payroll at all in 1985 and 1987. Two other employees worked part time through mid-April of each year. The record shows that it was necessary for claimant's wife to annually advance her personal funds to the corporation to pay wages and expenses. After the end of June in each year, the place of business was closed and customers made contact by telephone or mail. Claimant's wife would then secure employment from other employers and, after claimant remained on the payroll for 20 to 22 weeks, he would then apply for unemployment insurance benefits. The Commissioner of Labor ruled claimant disqualified from receiving benefits, held that an overpayment totaling $13,645 based upon willful false statements was recoverable, and imposed a forfeiture of 160 effective days for future benefits. This decision was sustained by an Administrative Law Judge and affirmed by the Unemployment Insurance Appeal Board. The determinations were based upon a finding that the duration of claimant's employment through June of each year was contrived in order to establish his eligibility for unemployment insurance benefits.

On this appeal, claimant contends that he was actually employed and eligible for benefits despite any contrivance and, because his proof was uncontroverted, there was no evidence to support the finding that he had made willful false statements. We disagree. Initially, we observe that the Board enjoys broad fact-finding jurisdiction and its determination of factual issues cannot be disturbed by this court if supported by substantial evidence (Matter of Hirsch [Catherwood], 29 AD2d 702). Labor Law § 527 (1) (d); (2) prescribe the requisite number of weeks of employment required to qualify for benefits. Labor Law § 524 defines a week of employment and requires actual work for remuneration, not mere presence without actual work (Matter of Weiss [Levine], 51 AD2d 845, 846). The issue in this case distills to whether the Board could find that claimant and the employer contrived to merely keep him on the payroll after April 15 each year without performance of actual work solely to qualify for benefits (see, Matter of Ruperto [Roberts], 89 AD2d 1039).

The record shows a pattern repeated in each year where the employer's business virtually ceased after April 15 and thereafter required subsidization from claimant's wife to enable the corporation to pay claimant's salary. In addition, on occasion claimant was paid for several weeks in advance and twice

received vacation pay before ending his employment in July. The Board could reasonably conclude that claimant was kept not to perform actual work, but solely to attain eligibility for benefits *(see, Matter of Picardi [Levine],* 51 AD2d 824; *Matter of Levey [Catherwood],* 33 AD2d 1066; *Matter of Hirsch [Catherwood],* 29 AD2d 702, *supra).*

We similarly find an adequate basis in the record to support the finding that claimant had made willful false statements to obtain benefits *(see, Matter of Petty [Roberts],* 90 AD2d 604, 605; *Matter of Caporale [Levine],* 53 AD2d 711, 712).

Decision affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.