■ In the Matter of the Claim of EVELYN CONTRO, Appellant. COMMISSIONER OF LABOR, Respondent. [703 NYS2d 583] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

On this appeal, claimant contends that she was discharged from her employment due to lack of work. We disagree. The record indicates that claimant established a pattern of working for her husband's plumbing business, then claiming unemployment insurance benefits for 26 weeks and then returning back to work once the benefits were exhausted. The record also reveals that, as a part of this pattern, claimant's husband received paychecks in similar amounts to those paid claimant once claimant was off the payroll but that he stopped receiving these paychecks once claimant returned to work. This pattern of separation from claimant's employment supports the finding by the Unemployment Insurance Appeal Board that there were no compelling reasons for claimant's unemployment and that

these periods of unemployment were contrived by claimant and her husband (*see, Matter of McNeil [Hudacs]*, 180 AD2d 994). Furthermore, given that claimant indicated on her application for unemployment insurance benefits that she separated from her employment due to lack of work when, in fact, business necessity did not warrant her discharge, we decline to disturb the Board's finding that claimant made willful false statements in order to obtain benefits (*see, Matter of Yaminian [Misicom Inc.—Commissioner of Labor]*, 254 AD2d 678, *lv denied* 93 NY2d 801; *Matter of Pelkey [Hudacs]*, 180 AD2d 995). We have reviewed claimant's remaining contentions and find them to be lacking in merit.

Cardona, P. J., Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.