■ In the Matter of the Claim of LISA WARNER, Appellant. COMMISSIONER OF LABOR, Respondent. [717 NYS2d 693] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 2000, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant was formerly a corporate officer and shareholder of a seasonal business engaged in the sale of ice cream between the months of April and November. Claimant began performing services for the corporation as a supervisor and/or ice cream truck driver in 1989; however, she divested herself of her interest in the business in 1992 upon the advice of the corporation's accountant. Claimant's husband is currently the sole shareholder and corporate officer. As applicable to this appeal, claimant maintained that she worked as an employee of the business for a period of 22 weeks in 1994 (from June 6, 1994 through November 4, 1994), 20 weeks in 1995 from (July 10, 1995 through November 24, 1995), 21 weeks in 1996 (from July 5, 1996 through November 30, 1996) and 22 weeks in 1997 (from May 5, 1997 through October 3, 1997). Claimant filed for unemployment insurance benefits in December 1994, December 1995, December 1996 and December 1997, each time claiming that she was laid off from the business due to a lack of work. The Unemployment Insurance Appeal Board ultimately ruled that during the periods that claimant received unemployment insurance benefits based upon these intervals of claimed employment, she was not totally unemployed. The Board adopted the position that claimant and her husband contrived periods of employment in order to insure that claimant maintained a sufficient amount of employment weeks to

qualify for unemployment insurance benefits. Additionally, the Board charged claimant with a recoverable overpayment of benefits and reduced her right to receive future benefits upon a finding that she made willful false statements to obtain benefits. Claimant appeals.

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (see, Matter of Falco [Sweeney], 246 AD2d 711, lv denied 92 NY2d 815) as well as the separate findings of willful misrepresentation (see, Matter of Tenore [Sweeney], 244 AD2d 749). Notably, the record demonstrates a pattern whereby claimant received a full 26 weeks of unemployment benefits each year she filed regardless of whether it was at the start or the end of the ice cream concession season and, after approximately 20 weeks, she would file for benefits again. In addition, claimant would assert that she worked for full 20 to 22-week periods even when the ice cream concession season was over and other nonfamily employees had already completed their employment. Each year claimant's husband worked from May to September, taking himself off of the company payroll in September despite the fact that claimant remained on the payroll until at least November of each year. The Board also noted that claimant gave birth in August 1997, yet stated that she only took one week off from work. Given these and other factors, we find no reason to disturb the Board's factual finding that claimant's alleged separations from employment were contrived by herself and her husband in order to establish her eligibility for unemployment insurance benefits (see, Matter of Jacynicz [Levine], 50 AD2d 972; see also, Matter of Contro [Commissioner of Labor], 270 AD2d 557; Matter of Turco [Hartnett], 156 AD2d 797, lv denied 76 NY2d 703).

Claimant's remaining arguments have been examined and found to be unpersuasive under the circumstances.

Cardona, P. J., Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.