■ In the Matter of the Claim of ETIENNE H. MERLE, Appellant. COMMISSIONER OF LABOR, Respondent. [782 NYS2d 877]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 5, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was the sole proprietor of a café. Upon being informed that the fire suppression systems in the café needed to be replaced at a cost of $10,000, claimant closed the business rather than incur additional debt which, according to claimant, the business could not afford. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

We affirm. Although claimant maintained that the business was struggling financially, the business tax returns showed a steady increase in gross receipts and decrease in losses. Appreciable payments on the initial debt in starting the business had been made and claimant continued to draw a salary from the business. Significantly, the record establishes that the business was still viable as it remained open and was being run by a new owner. Under these circumstances, substantial evidence supports the Board's decision that claimant did not have a compelling reason to close the business and it will therefore not be disturbed (see Matter of Hoos [Commissioner of Labor], 254 AD2d 677 [1998]; Matter of Pitic [Commissioner of Labor], 249 AD2d 671 [1998]; Matter of Sparber [Sweeney], 226 AD2d 858 [1996]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.