■ In the Matter of the Claim of DEBRA J. WISINSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 277]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 2004, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits effective November 12, 2001, December 9, 2002 and October 28, 2003 because she was unable to file valid original claims under Labor Law § 527.

In 2000, claimant worked as an operating engineer running various pieces of construction equipment for her husband's paving company. From 2001 through 2003, claimant was retained in an on call capacity, operating equipment for her husband as needed when his employees did not report to work. Though claimant was infrequently called in to work, she received her regular salary. When she was laid off at the end of each season, she filed claims for unemployment insurance benefits and received benefits totaling $33,102. Thereafter, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits with respect to the claims filed on November 12, 2001, December 9, 2002 and October 28, 2003 because she did not work for at least two calendar quarters during the applicable base periods enabling her to file valid original claims. The Board further charged claimant with a recoverable overpayment of benefits, but only with respect to benefits received

after filing the November 12, 2001, December 9, 2002 and October 28, 2003 claims. Claimant appeals.

Key to the Board's determination was its implicit adoption of the Administrative Law Judge's finding that claimant's on call employment was contrived by her and her husband solely for the purpose of receiving unemployment insurance benefits. Without this employment, claimant clearly lacks sufficient employment in the applicable base periods to file valid original claims in accordance with Labor Law § 527. We note that "[w]hether a claimant has sufficient employment in his [or her] base period is a factual question for the Board to resolve and its determination will be affirmed if supported by substantial evidence" (*Matter of Mazurkiewicz [Commissioner of Labor]*, 13 AD3d 770, 771 [2004]; *see Matter of Akley [Commissioner of Labor]*, 255 AD2d 677, 678 [1998]). Here, claimant and her husband testified that claimant remained on call for her husband's company and received her full salary even though she was only called in to work five times each year and occasionally assisted her husband with conducting surveys. Claimant's husband testified that paying claimant to be on call full time was a sound business decision, suggesting that it made more sense than hiring someone when the need arose. He further stated that he even increased her salary to $1,000 per week so that she would not search for another job. Inasmuch as the Board is vested with the discretion to weigh the evidence and assess the credibility of the witnesses (*see Matter of Mazurkiewicz [Commissioner of Labor], supra* at 771), it could certainly disregard the testimony of claimant and her husband as to the legitimacy of her on call employment. Thus, substantial evidence supports the inference that such employment was, in fact, contrived for the purpose of collecting unemployment insurance benefits (*see e.g. Matter of Warner [Commissioner of Labor]*, 278 AD2d 653 [2000]; *Matter of Contro [Commissioner of Labor]*, 270 AD2d 557 [2000]), and the Board's resulting conclusions that she was unable to file valid original claims under Labor Law § 527 and was liable for recoverable overpayments of benefits pursuant to Labor Law § 597 (4).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.