In the Matter of the Claim of NANCY M. SOTOMAYOR, Appellant. COMMISSIONER OF LABOR, Respondent. [823 NYS2d 622]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 1, 2005, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because she was unable to file a valid original claim.

Claimant discontinued working for the employer as a medical billing clerk on December 12, 2003. During the latter part of 2003 through September 2004, she received compensation as a foster parent. Thereafter, she filed a claim for unemployment insurance benefits effective January 10, 2005. The Unemployment Insurance Appeal Board ruled that she was ineligible to receive benefits because she did not have sufficient earnings in her base period to file a valid original claim under Labor Law § 527. It adhered to this decision upon reconsideration and this appeal ensued.

We affirm. Initially, the wages that claimant received from her employer are undisputed. During her base period, which covered the period from October 1, 2003 through September 30, 2004 (see Labor Law § 520 [1]), she received $7,081.90 in the fourth quarter of 2003, $2,038.12 in the first quarter of 2004, $2.44 in the second quarter of 2004 and nothing in the third quarter of 2004, resulting in total base period earnings of $9,122.46. During her alternate base period, which covered the period from January 1, 2004 through December 31, 2004 (see Labor Law § 520 [2]), she received $2,038.12 in the first quarter of 2004, $2.44 in the second quarter of 2004 and nothing in the third and fourth quarters of 2004, resulting in total alternate base period earnings of $2,040.56. One requirement that a claimant must satisfy in order to file a valid original claim is to have total remuneration from the applicable base period exceeding 1½ times the earnings received in the highest calendar quarter of such base period (see Labor Law § 527 [1] [d]). This requirement was not met here, as such amount would be $10,622.85 for claimant's base period and $3,057.18 for her alternate base period, which amounts are more than claimant's total remuneration in each period. The Board properly excluded from its calculations the compensation that claimant received as a foster parent as no taxes were withheld (see Labor Law § 517 [2] [b]) and claimant did not provide a breakdown of the amount purportedly paid to her for such services (see generally Matter of Kwiatkowska [Commissioner of Labor], 263 AD2d 755 [1999]). Inasmuch as substantial evidence supports the Board's finding that claimant was unable to file a valid original claim, we must affirm its decision.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.