■ In the Matter of the Claim of RICHARD J. DENEY, Appellant. COMMISSIONER OF LABOR, Respondent. [834 NYS2d 372]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was the president and a shareholder in Gor-Den Industries, Inc., a family-controlled holding company that operated through two subsidiaries, one on the retail side of the automotive parts business and the other on the wholesale side. Although the holding company had been showing losses for a number of years, claimant continued to receive a salary of $88,000 from the wholesale subsidiary until he discontinued that business in May 2001. In July 2001, all of the assets of the retail subsidiary were sold to claimant's son for $65,000, and the son continued to do business in the subsidiary's name at the same location. Claimant then placed the remainder of the business in bankruptcy, also in July 2001. He then applied for and received unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board found claimant ineligible and disqualified from receiving unemployment insurance benefits on the grounds that he was not totally unemployed and had voluntarily left his job without good cause. He was also charged with a recoverable overpayment of benefits and assessed a forfeiture penalty of benefit days upon a finding that

he had made willful false statements to obtain benefits. The Board held that when claimant sold the retail subsidiary to his son, he voluntarily quit his employment and, although he contended that the business was losing money, he did not simply close it down. Because the business remained in operation after the sale, claimant's contention that he was financially compelled to quit the business was rejected and the failure to report such was found to be a willful misrepresentation. Claimant appeals.

We affirm. Claimant first takes issue with the Board's conclusion that he voluntarily quit his employment when the retail subsidiary was sold to his son. However, we find substantial evidence to support the conclusion that claimant was not financially compelled to sell the subsidiary to his son and that the subsidiary had considerable value (*see Matter of Merle [Commissioner of Labor]*, 11 AD3d 803, 803 [2004]; *Matter of Hoos [Commissioner of Labor]*, 254 AD2d 677, 678 [1998]). Of particular significance is the fact that the subsidiary remained viable at the time of the Board's review, continuing to be operated by the son at the same location and under the same name. Claimant's contentions to the contrary constituted questions of fact for the Board to resolve (*see Matter of Frisina [Sweeney]*, 235 AD2d 887, 888 [1997]).

In addition, given that claimant certified that he was not working and that he failed to accurately report the reasons for selling the subsidiary, we find no reason to disturb the Board's ruling that claimant made willful false statements in order to obtain benefits (*see Matter of Contro [Commissioner of Labor]*, 270 AD2d 557, 558 [2000]). Finally, we reject claimant's assertion that he was denied the right of cross-examination and that this resulted in the violation of his due process rights. He made no request for the witness in issue to testify and did not seek an adjournment to produce the witness (*see Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946, 948 [1990]). In any event, we discern no prejudice by the absence since the Board's decision is supported by claimant's testimony alone (*see id.*). Claimant's remaining arguments have been considered and rejected as lacking in merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.