■ In the Matter of the Claim of OSDILA A. SANTIAGO, Appellant. COMMISSIONER OF LABOR, Respondent. [881 NYS2d 526]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2008, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was unable to file a subsequent valid original claim pursuant to Labor Law § 527.

Claimant filed an original claim for unemployment insurance benefits effective April 18, 2007 and received benefits at the weekly rate of $375. She filed a subsequent claim effective April 21, 2008. The Unemployment Insurance Appeal Board, however, ruled that she was ineligible to receive benefits because she did not have sufficient earnings in the time period following her original claim and prior to her subsequent claim. Claimant now appeals.

We affirm. "In order to file a subsequent valid original claim, claimant must have worked and been paid remuneration for such work since the beginning of [her] previous claim in an amount equal to at least five times [her] weekly benefit rate" (*Matter of Mazurkiewicz [Commissioner of Labor]*, 13 AD3d 770, 771 [2004]; *see* Labor Law § 527 [6]). Whether claimant has sufficient employment within her base period is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence (*see Matter of Wisinski [Commissioner of Labor]*, 23 AD3d 739, 740 [2005]; *Matter of Mazurkiewicz [Commissioner of Labor]*, 13 AD3d at 771). Here, evidence was adduced at the hearing that claimant earned only $1,648.82 during the time period in issue. This was less than $1,875, the equivalent of five times claimant's weekly benefit rate of $375, which was necessary for her to qualify for benefits. Although claimant takes issue with the Board's failure to take into account earnings she had from tutoring, claimant's testimony was vague with respect to this as she stated that she earned "a good $1,000 or something." Notably, she did not provide any documentation to substantiate such earnings. Given the Board's authority to resolve issues of credibility (*see Matter of Johnson [Commissioner of Labor]*, 274 AD2d 736, 737 [2000]), it could choose to discount such testimony. Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.