■ In the Matter of PETE G. KOKOLAKIS, Appellant. COMMISSIONER OF LABOR, Respondent. [948 NYS2d 198]—

Claimant's employment was severed on December 31, 2007. He did not immediately file a claim for unemployment insurance benefits because he planned to do some consulting work. On February 12, 2008, however, he suffered a head injury that rendered him unable to work. He did not receive any wages or other compensation from July 1, 2008 through September 30,

2009. On November 16, 2009, he filed an original claim for unemployment insurance benefits that was denied on the basis that he did not meet the necessary requirements for filing a valid original claim. Following a hearing, this determination was upheld by an Administrative Law Judge and later by the Unemployment Insurance Appeal Board. Claimant appeals.

We affirm. Inasmuch as claimant did not have any earnings from July 1, 2008 through September 30, 2009, he clearly did not receive the remuneration necessary during either the base period or alternate base period to file a valid original claim (*see* Labor Law § 527 [1], [2]; *see e.g. Matter of Santiago [Commissioner of Labor]*, 63 AD3d 1357, 1357 [2009]; *Matter of Sotomayor [Commissioner of Labor]*, 34 AD3d 957, 958 [2006]). Claimant argues that the physical disability he sustained as a result of the February 2009 accident delayed the filing of his claim and should be considered in extending the relevant base periods to include earnings he received prior to his injury. The statute, however, only makes an exception for disability in the case of claimants who received workers' compensation benefits or benefits under the Volunteer Firefighter's Benefit Law (*see* Labor Law § 527 [3]; *see e.g. Matter of Fiorino [Commissioner of Labor]*, 34 AD3d 892, 892 [2006]). As there is no proof in the record that claimant received such benefits due to his disability, the Board properly denied his claim.

Peters, P.J., Rose, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.