*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 23, 2015                519638
_____

In the Matter of the Claim of
    STACEY A. DICKSON,
                    Respondent.

EXAMONE WORLD WIDE INC.,                 MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        DLA Piper, LLP, New York City (Erin Carney D'Angelo of
counsel), for appellant.

        Francis J. Smith, Albany, for Stacey A. Dickson,
respondent.

_____

Lahtinen, J.

        Appeals from three decisions of the Unemployment Insurance
Appeal Board, filed November 20, 2013, which ruled, among other
things, that ExamOne World Wide Inc. is liable for unemployment
insurance contributions on remuneration paid to claimant and
others similarly situated.

        Claimant was a mobile medical examiner for ExamOne World
Wide Inc., and the Unemployment Insurance Appeal Board upheld a
decision that she was an employee and not, as argued by ExamOne,
an independent contractor.  For the reasons set forth in Matter
of Lawlor (ExamOne World Wide Inc.–Commissioner of Labor) (___

AD3d ___ [decided herewith]), as well as Matter of Scinta (ExamOne World Wide Inc.—Commissioner of Labor) (113 AD3d 959 [2014]), we are unpersuaded by ExamOne's argument that the Board's decisions must be reversed.

ExamOne raises the additional argument that claimant herein did not have sufficient earnings after voluntarily leaving her job to qualify for benefits. Under the statute in effect at the relevant time, a person who voluntarily left employment without good cause did not qualify for unemployment benefits until that person had "subsequently worked in employment and earned remuneration at least equal to five times his or her weekly benefit rate" (Labor Law former § 593 [1] [a]).[1] Determining whether a claimant had sufficient subsequent earnings "is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Santiago [Commissioner of Labor], 63 AD3d 1357, 1357 [2009]). Claimant's benefit rate was $217 and, thus, she was required to earn $1,085 after voluntarily leaving ExamOne before being eligible for benefits. ExamOne failed to establish the specific date in January 2012 that claimant's relationship with it terminated, but the proof put such date between January 12, 2012 and January 26, 2012. During the first quarter of 2012 — a time period that included when claimant was working for ExamOne as well as subsequent thereto — claimant earned $3,174.92 from another employer, and it is uncontested that $855.85 of such amount was earned in February 2012. Therefore, she needed to earn only an additional $229.15 during the pertinent base period after leaving ExamOne to reach the $1,085 necessary for eligibility. The Board determined that, of the remaining $2,319.07 earned from the other employer (i.e., $3,174.92 total earned minus $855.85 accounted for February 2012), at least $229.15 of it was earned after claimant left ExamOne and during the pertinent period. Inasmuch as this factual determination is supported by substantial evidence, we affirm. The remaining arguments are unpersuasive.

---

[1] The statute now requires subsequent earnings of at least 10 times the weekly benefit rate (see Labor Law § 593 [1] [a], as amended by L 2013, ch 57).

Peters, P.J., Garry and Lynch, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court