Matter of Guarnieri (Commissioner of Labor) (2021 NY Slip Op 01468)





Matter of Guarnieri (Commissioner of Labor)


2021 NY Slip Op 01468


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531746

[*1]In the Matter of the Claim of Victoria Guarnieri, Appellant. Commissioner of Labor, Respondent.

Calendar Date: February 4, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Charny & Wheeler PC, Rhinebeck (Nathaniel K. Charny of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 2019, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was unable to file a subsequent valid original claim pursuant to Labor Law § 527.
As a result of pending disciplinary charges, claimant was suspended without pay from her employment for several 30-day periods, separated only by brief periods of paid suspension, beginning in October 2017. During those suspensions, claimant filed an original claim for unemployment insurance benefits effective January 15, 2018 and received benefits at a weekly rate of $450. Claimant was then suspended with pay effective January 30, 2018, and did no further work for the employer before her termination on January 25, 2019. Claimant filed a subsequent claim for unemployment insurance benefits effective January 28, 2019. An Administrative Law Judge (hereinafter ALJ) upheld the initial determination of the Department of Labor that claimant was ineligible to receive further benefits. The Unemployment Insurance Appeal Board agreed, determining that claimant "had insufficient wages to meet the work requirements to re-qualify for a subsequent original claim and had not worked in employment and been paid remuneration for such work equal to at least 10 times [her] weekly benefit rate." Claimant appeals.
We affirm. To file a subsequent valid original claim, claimant "must have worked in employment and been paid remuneration for such work since the beginning of such previous claim in an amount equal to at least [10] times the claimant's weekly benefit rate" (Labor Law § 527 [6], as amended by L 2013, ch 57, part O, § 2; see Matter of Santiago [Commissioner of Labor], 63 AD3d 1357, 1357 [2009]; Matter of Mazurkiewicz [Commissioner of Labor], 13 AD3d 770, 771 [2004]). Claimant performed no work for the employer during the relevant period, leaving the question of whether the monies she received while suspended constituted remuneration for work in employment so as to count toward her eligibility to file a subsequent valid original claim.
Claimant suggests that they did, pointing to Board precedent holding that an individual serving a paid suspension under the terms of a collective bargaining agreement was performing a service so as to fall within the statutory definition of employment (see Matter of Appeal Board Decision No. 569753, https://uiappeals.ny.gov/system/files/documents/
569753-appeal-decision.pdf [June 5, 2013]; see also Labor Law § 511 [1]). The Board adopted the holding of the ALJ rejecting that argument, as a suspended employee is not performing any "work[] in employment" for which he or she could receive remuneration (Labor Law § 527 [6] [emphasis added]; see e.g. Matter of Odell [Sweeney], 233 AD2d 663, 663-664 [1996]; Matter of Rappaport [Town of Mamaroneck—Hartnett], 144 AD2d 141, 142 [1988], lv denied 74 NY2d 616 [1989]; Matter of Caltabiano [Levine], 50 AD2d 979, 980 [*2][1975]). We perceive nothing unreasonable in that distinction, which comports with the statutory language, and therefore find substantial evidence in the record to support the Board's determination that claimant had not "worked in employment and been paid remuneration for such work" in a sufficient amount to file a subsequent valid original claim (Labor Law § 527 [6]; see Matter of Santiago [Commissioner of Labor], 63 AD3d at 1357).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.